UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 (lc)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3124 PSG (JCx) | Date | May 5, 2014 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Gutierrez, *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

|  Wendy Hernandez  |  Not Reported  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff(s):                Attorneys Present for Defendant(s):

Not Present                                                            Not Present

**Proceedings:**        (In Chambers) Order REMANDING Case to State Court

On April 23, 2014, Defendant Somphit Saelim ("Defendant") filed a notice of removal of a civil action for unlawful detainer brought by Plaintiff Deutsche Bank National Trust Company ("Plaintiff"). *See* Dkt. # 1. After reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction.").

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id.* Furthermore, "a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (emphasis in original).

The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under § 28 U.S.C. 1331 to exist. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, the complaint asserts only a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, no basis for federal question jurisdiction exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 (lc)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3124 PSG (JCx) | Date | May 5, 2014 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Gutierrez, *et al.* | | |

  Defendant's notice of removal suggests that federal question jurisdiction is established based upon the Fourth Amendment of the Constitution and the National Housing Act of 1934. *See NOR* at 1. However, under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 U.S. Dist. LEXIS 36074, at *3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").

  The Court also notes that there is no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). The unlawful detainer complaint seeks damages in an amount less than $75,000. *Compl.* at 3-4. Therefore, the amount in controversy requirement is not met.

  Defendant's notice of removal ultimately alleges that removal jurisdiction is proper based on 28 U.S.C. § 1441. *See NOR* ¶ 7. Under Section 1441, a party may remove an action to the district court embracing the state court where the action is currently pending if the district court would also have original jurisdiction. *See* 28 U.S.C. § 1441(a). Since Defendant has failed to provide a sufficient basis for original federal jurisdiction, the action cannot properly be removed under Section 1441.

  Accordingly, the Court finds that it lacks subject matter jurisdiction over this matter and thus REMANDS the case.

  **IT IS SO ORDERED.**